## Gambrel v. Commonwalth.

(Decided November 10, 1931.)

TUGGLE & TUGGLE for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Tom Gambrel was jointly indicted with Gord Gambrel, Merkle Gambrel, and others in the Knox circuit court for the murder of A. Y. Messer. This is a companion case with that of Gord Gambrel v. Commonwealth, — Ky. —, 43 S. W. (2d) —, this day decided by this court. While the defendants had separate trials, the evidence and the instructions in the cases are, in substance and effect, the same. Tom Gambrel has prosecuted this appeal from a conviction carrying a sentence of ten years' imprisonment.

On this trial, as in the Gord Gambrel trial, Sudie Messer, widow of A. Y. Messer, was permitted to testify that bad feeling had existed between her husband and father for about four years prior to the death of the former; that the trouble arose out of a conversation between the two, relative to Gord Gambrel trying to court his own daughter; that her father became angry and said to Messer, "I will see you again." Practically all of Sudie Messer's statement was admitted without objection. The only objection made was to the question as what was said by her father to A. Y. Messer, and no objection or exception was made to the answer of the witness. At the close of the evidence of this witness in chief, the court admonished the jury that the evidence as to the conversation between A. Y. Messer and Gord Gambrel was not competent as against defendant Tom Gambrel, unless, the jury should believe from the evidence, beyond a reasonable doubt, that a conspiracy existed between Tom Grambrel and Gord Gambrel against the deceased.

In this case, Dr. Salyers, a witness for defendant, was permitted to describe in detail the wounds received by Merkle Gambrel; no objection being interposed by the Commonwealth.

The self-defense instruction in this case is identical with the instruction in the Gord Gambrel case, and is subject to the same criticism. On the authority of that case, the judgment of the lower court is reversed, and the cause remanded for new trial consistent with this and the opinion in the Gord Gambrel case.